IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD EPP,<br><br>         Plaintiff,<br><br>vs.<br><br>NATURAL RESOURCES<br>CONSERVATION SERVICE and<br>SONNY PERDUE, in his official capacity<br>as Secretary of the United States Department<br>of Agriculture,<br><br>         Defendants. | Case No. _____<br><br><br><br><br>COMPLAINT FOR<br>JUDICIAL REVIEW OF<br>AGENCY ACTION |

Plaintiff Richard Epp ("Epp") alleges:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this action pursuant to 5 U.S.C. § 702 (providing for judicial review of agency action under the APA); 7 U.S.C. §§ 6997(d), 6998(b); and 7 C.F.R. §§ 11.2(b), 11.8(f), 11.9(d)(2).

2. Venue is proper under 28 U.S.C. § 1391(e)(2), because the property that is the subject of the action is situated in Nebraska, Epp resides in Nebraska, and the dispute arose in Nebraska.

## PARTIES

3. Epp is a citizen of the State of Nebraska, and resides in Aurora, Hamilton County, Nebraska.

4. Defendant Natural Resources Conservation Service (the "NRCS") is a branch of the United States Department of Agriculture ("USDA") and an agency of the United States.

5. Defendant Sonny Perdue is the Secretary of the United Statement Department of Agriculture and is being sued in his official capacity only.

1

## **JUDICIAL REVIEW**

6. On August 10, 2017, the NRCS, a division of the USDA, through Acting State Conservationist Myron Taylor issued an adverse decision with respect to a wetland determination against Epp.

7. Epp filed a timely Appeal Request Form challenging the NRCS determination on February 2, 2018. A copy of this Appeal Request Form to the National Appeals Division ("NAD") is attached hereto as Exhibit "A" and incorporated herein by reference.

8. Hearing before NAD Judge Steven A. Gabrial was held on May 4, 2018 in Lincoln, Nebraska.

9. On November 9, 2018, NAD Judge Gabrial filed his Appeal Determination in Epp's case. A copy of this Appeal Determination is attached hereto as Exhibit "B" and incorporated herein by reference.

10. This Appeal Determination found:

    10.1. That the NAD lacked jurisdiction to consider his appeal because Epp was not a "participant" as defined by 7 C.F.R. § 11.1. Exhibit B, at 3.

    10.2. That if the NAD had jurisdiction, the NRCS acted within discretion in finding that the land at issue had not received a certified wetland determination because such determinations "made prior to November 28, 1990 are not of sufficient quality to decide ineligibility for USDA programs." Exhibit B, at 8.

11. The NAD's Appeal Determination is a final agency action subject to judicial review. *See* 5 U.S.C. § 702, 704.

12. The NAD's action was unlawful because, among other reasons, it was arbitrary and capricious, an abuse of discretion, and not in accordance with law. *See* 5 U.S.C. § 706(2)(A).

### The NAD's Jurisdictional Determination

13. A "participant," for the purpose of determining who has the right to review an agency decision, is "any individual or entity who has applied for, or whose right to participate in or receive, a payment, loan, loan guarantee, or other benefit in accordance with any program of an agency . . . is affected by a decision of such agency." 7 C.F.R. § 11.1. *See* 7 C.F.R. § 11.3.

14. Epp's right to participate in USDA program benefits is adversely affected by the NRCS's determination that the lands at issue have not been subjected to a certified wetland determination.

15. Judge Gabrial's finding that Epp was not a "participant" as defined by 7 C.F.R. § 11.1 was not in accordance with the law. *See* Exhibit B, at 3.

### The NAD's Determination on the Merits

16. The Food Agriculture Conservation and Trade Act of 1990 ("the Act") provided that "[t]he Secretary shall delineate wetlands on wetland delineation maps." Pub. L. No. 101-624, § 1222, 104 Stat. 3573. The Act went on to require that:

> [T]he Secretary shall certify each such map as sufficient for the purpose of making determinations of ineligibility for program benefits . . . . The Secretary shall not be required to provide an opportunity for an appeal of delineations completed prior to the enactment of this subsection that are not changed, and for which an appeal had already occurred and, in connection with such previous appeal, an on-site determination had been conducted." *Id.*

17. Judge Gabrial erred in holding that the NRCS had the discretion to decide that "wetland determinations made prior to November 28, 1990, are not of sufficient quality to decide ineligibility for USDA program benefits." Exhibit B, at 8.

### **PRAYER FOR RELIEF**

WHEREFORE, Epp prays that the Court enter judgment as follows:

A. That this Court reverse the NAD's Appeal Determination and find that the NAD had jurisdiction to hear Epp's Appeal and that Epp's September 4, 1990 determination on what was then Tract Number 1890 is a "certified wetland determination".

B. That this Court award Epp his costs and attorneys' fees, pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504.

C. That this Court grant such other and further relief as the Court deems just, equitable and proper.

## DESIGNATION OF PLACE FOR TRIAL

Epp designates Lincoln, Nebraska, as the place for trial.

        RICHARD EPP, Plaintiff

        By His Attorneys,

        MATTSON RICKETTS LAW FIRM
        134 S. 13th Street, Suite 1200
        Lincoln, Nebraska 68508-1901
        Phone No.: (402) 475-8433
        Fax No.: (402) 475-0105
        E-mail: sdm@mattsonricketts.com

By: */s/ Stephen D. Mossman*
     Stephen D. Mossman, #19859
     One of Said Attorneys